IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

AMANDA R. GOODMAN-WAGNER                                               PLAINTIFF

                v.                              Civil No. 12-2050

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                         DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

       Plaintiff, Amanda Goodman-Wagner, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background:**

       The Plaintiff filed her applications for SSI and DIB on September 3, 2009, alleging an onset date of July 16, 2008, due to scoliosis of the spine, degenerative bone disease, several bulging disks, polyneuropathy, lower back problems, carpal tunnel syndrome, ovarian cysts, renal cysts, and gastric ulcers. Tr. 125-131, 154, 183. The Commissioner denied Plaintiff's application initially and on reconsideration. Tr. 60-74, 79-84, 183, 190. An administrative hearing was held on November 22, 2010. Tr. 20-59. Plaintiff was present and represented by counsel.

       At the time of the hearing, Plaintiff was 27 years old and possessed a high school education. Tr. 25, 27, 160. Plaintiff had past relevant work "(PRW)" experience as a beverage server. Tr. 146-147, 155, 195.

       On February 8, 2011, the ALJ found Plaintiff's degenerative bone disease/back disorder and gastritis to be severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 12-14. After partially discrediting Plaintiff's subjective

complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with occasional climbing, balancing, stooping, kneeling, crouching, crawling, and overhead reaching. Tr. 14. With the assistance of a vocational expert, the ALJ found Plaintiff could perform work as a cleaner, small product assembler, and cashier II. Tr. 18-19.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on January 4, 2012. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This case is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 10, 13.

The Court has reviewed the entire record in this case, including the transcript of the administrative hearing, Plaintiff's medical records, the ALJ's opinion, and the appeal briefs filed by the parties. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

## II. Applicable Law:

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings

(Rev. 8/82)

of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III. <u>Discussion</u>:

Of particular concern to the undersigned is the ALJ's RFC assessment. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. *See Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004).

3

"The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009)*; see also Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003); *see also Jones*, 619 F.3d at 971 (RFC finding must be supported by some medical evidence).

      The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a range of light work, which involves lifting 10 pounds frequently and 20 pounds occasionally; standing, sitting, and walking for at least six hours per day; and, occasionally climbing, balancing, stooping, kneeling, crouching, crawling, and reaching overhead. The record, however, reveals that Plaintiff suffered from multilevel degenerative disk disease with radiculopathy and spinal canal stenosis. Throughout the relevant time period, Plaintiff was treated for chronic back and neck pain with associated symptoms. Tr. 207-210, 232, 233, 234, 235, 275, 276, 277, 278, 279-280, 302-303, 320, 331, 332, 333, 334, 383, 385. Examinations consistently revealed muscle spasms and tenderness. Tr. 207-210, 383, 385. An MRI of her lumbar spine conducted on November 21, 2008, showed early degenerative changes including Schmorl's nodes and bulging disk at L1-2 and L5-S1 levels. Tr. 212, 249, 288, 348. On this same date, an MRI of her thoracic spine showed degenerative changes, including disc space narrowing, disc desiccation, and osteophyte formation. There was also a small left paracentral disk herniation at

4

the T5-6 and T6-7 levels with associated mild spinal canal stenosis and a right paracentral neuroforamina disk protrusion at the T10-11 level. Tr. 213-214, 247-248, 286-287, 346-347. On April 15, 2009, an MRI of her cervical spine showed some joint hypertrophy at the C4-C5 level with no canal or neuroforaminal stenosis. Tr. 307, 309, 315.

On May 7, 2009, an repeat MRI of her lumbar spine showed early degenerative disk changes at the T12 through L2 levels and a slight circumferential disk bulge eccentric to the right with minimal right neural foraminal narrowing at the L4-5 level. Tr. 304-305, 312-313.

Although Plaintiff was determined to not be a candidate for surgical correction, chronic pain management, including physical therapy, medication, and epidural steroid injections were prescribed. Medication wise, the evidence reveals that Plaintiff was prescribed a combination of muscle relaxers and narcotic pain relievers to include Flexeril, Lorcet, Hydrocodone, Norco, Zanaflex, Celebrex, pain patches to treat her pain. Tr. 234, 302, 383, 385. Gabapentin was also prescribed to treat her radiculopathy. And, Plaintiff reported that she suffered from medication side effects to include drowsiness and "sickness." Tr. 42.

Although not before the ALJ, Plaintiff submitted additional medical evidence to the Appeals Council. This evidence was reviewed by the Appeals Council, as is noted in their decision denying Plaintiff's request for review. Therefore, we must review the additional evidence in combination with the other evidence of record. *See Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000) (In such cases, we must determine if the record as a whole, including evidence that is new and material, supports the ALJ's determination.).

The newly submitted evidence consisted of a functional capacity evaluation conducted by Dr. Terry Hoyt on April 21, 2011. Tr. 389-392. Plaintiff reported chronic back pain and headaches, rating her pain as eight on a ten point scale. Dr. Hoyt found her to be in noticeable distress with an abnormal affect. An examination revealed diminished sensation to light touch in the ulnar distribution on the left

5

and tenderness in her back with multiple positive trigger points. Dr. Hoyt diagnosed Plaintiff with cervical/thoracic/lumbar disc disease with radiculopathy, osteoarthritis of the spine, headaches, and depression. Tr. 389. He concluded that she would be able to sit for 30 minutes at a time and up to three hours per day; stand for 15 minutes at a time and up to one hour per day; and walk for ten minutes at a time and up to 30 minutes per day. Dr. Hoyt also indicated that Plaintiff would need an assistive device, hourly rest breaks, and the ability to change positions frequently. Further, he opined that Plaintiff could occasionally lift and carry up to ten pounds, but never more. Tr. 390. And, he reported that she could rarely push/pull, grasp with either hand, finger and perform fine manipulation with either hand, bend, balance, and climb stairs and ramps and could never squat, crawl, stoop, crouch, kneel, or climb ladders or scaffolds. Dr. Hoyt also advised that Plaintiff should completely avoid hazardous working conditions and equipment, vibrating tools, exposure to temperature extremes, sudden or frequent changes in temperature, and driving/riding in automotive equipment. Tr. 392. He felt her pain and depression were undertreated and that the combination of the two precluded her from engaging in gainful employment. Tr. 391.

After reviewing the entire evidence of record, we believe that remand is necessary to allow the ALJ to reconsider Plaintiff's medical evidence, in light of the assessment submitted by Dr. Hoyt. It seems clear to the undersigned that Plaintiff was suffering from a significant degree of pain that would likely impact her ability to stand and walk for significant periods of time. And, given that the ALJ did conclude that Plaintiff's medications were likely to cause "mental confusion, slowed thinking, drowsiness, light headedness, dizziness, and anxiety," it is reasonable to conclude that Plaintiff might also have restrictions associated with working with or near hazardous or mechanical equipment, working with vibrating tools, and work requiring her to drive or operate automotive ore mechanical equipment.

We do note that a consultative examination conducted on November 7, 2009, by Dr. Tracy Carney revealed paraspinal muscle spasms and tenderness with pain elicited in all range of motion

6

activities, but yielded no other findings. Tr. 361-367. It appears, however, that Dr. Carney's evaluation was a one time consultation that did not include an RFC assessment. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999) (holding that the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). Therefore, his findings are of limited value in this case.

The undersigned is also bothered by the ALJ's failure to develop the record regarding Plaintiff's carpal tunnel syndrome. The ALJ owes a duty to a claimant to develop the record fully and fairly to ensure his decision is an informed decision based on sufficient facts. *See Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004). In determining whether an ALJ has fully and fairly developed the record, the proper inquiry is whether the record contained sufficient evidence for the ALJ to make an informed decision. *See Haley v. Massanari*, 258 F.3d 742, 748 (8th Cir. 2001).

The records indicate that Plaintiff underwent an electromyogram on April 15, 2009. Tr. 316. The record contains only the first page of the report, but does not contain the actual results of the test. Tr. 316. Rather than recontact the medical source to ensure that the record was accurate, the ALJ merely concluded that the EMG "produced acceptable results." *Ness v. Sullivan*, 904 F.2d 432, 435 (8th Cir. 1990) (holding ALJ must not substitute his opinions for those of the physician). Because the physical exams are somewhat conflicting as to Plaintiff's ability to grasp and manipulate items with her hands,[1] we believe that remand is necessary to allow the ALJ to fully develop the record in this regard. Therefore, on remand, the ALJ is directed to obtain a complete copy of Plaintiff's EMG results.

The ALJ also seems to improperly rely on the silence of Plaintiff's doctors to infer that Plaintiff was not disabled. However, silence does not qualify as an opinion when the Plaintiff remains under that doctor's care and the doctor has not been asked to comment on the Plaintiff's residual functional

---

[1] Dr. Carney's exam revealed no limitations in grip strength and manipulation, while Dr. Hoyt's assessment indicates that Plaintiff had limitations related to gripping, grasping, and fingering with both hands. Tr. 361-367, 389-392.

7

capacity.  *See Pate-Fires v. Astrue*, 564 F.3d 935 (8th Cir. 2009) (quoting *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) ("A treating doctor's silence on the claimant's work capacity does not constitute substantial evidence supporting ALJ's functional capacity determination when the doctor was not asked to express an opinion on the matter and did not do so, particularly when that doctor did not discharge the claimant from treatment.").  Accordingly, the ALJ should refrain from any such inferences on remand.

### IV.  Conclusion:

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 31st day of October 2012.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)